OPINION
Defendant-appellant, Thomas E. Uhl, appeals from his conviction in the Butler County Court of Common Pleas for involuntary manslaughter with a firearm specification.
On the afternoon of December 1, 1996, appellant was "hanging out" with David Bell, Chad Taylor, Dennis Dooley, Phillip Bell, and Cindy Prows at David Bell's apartment in Hamilton, Ohio. Prows and Taylor remained in the living room of the apartment while appellant went into a bedroom with David Bell, Phillip Bell and Dooley. In the bedroom, appellant removed a loaded .357 magnum revolver ("the gun") from an entertainment center and began "playing" with the hammer of the gun. After appellant cocked and released the hammer fifteen to twenty times, the gun discharged and a bullet struck and killed Prows as she was entering the bedroom from the hallway.
On January 16, 1997, appellant was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04(B) with a firearm specification. Following a bench trial on April 24, 1997, the trial court found appellant guilty. Appellant was sentenced to serve two years on the manslaughter conviction and a consecutive three year term for the firearm specification.
In his sole assignment of error on appeal, appellant asserts that the evidence was insufficient to support his conviction for involuntary manslaughter. Specifically, appellant argues that there was insufficient evidence to support a finding that he acted recklessly. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was convicted of involuntary manslaughter in violation of R.C. 2903.04(B). R.C. 2903.04(B) provides that "no person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a misdemeanor * * *." The underlying misdemeanor in the present case was assault in violation of R.C. 2903.13(B). R.C. 2903.13(B) provides that "no person shall recklessly cause serious physical harm to another * * *." R.C. 2901.22(C) defines recklessly as follows:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
After reviewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could find that appellant acted recklessly beyond a reasonable doubt. After appellant removed the gun from an entertainment center in David Bell's bedroom, he withdrew a bullet from the cylinder of the gun, showed it to Phillip Bell, and told him that it "could do some damage." Appellant put the bullet back into the cylinder, pointed the gun towards the hallway, and began cocking the gun, by pulling the hammer back, and then slowly released the hammer by pulling the trigger. After appellant cocked and released the hammer fifteen to twenty times, the gun discharged and struck Prows as she was entering David's bedroom from the hallway.
The prosecution's evidence shows that appellant knew that the gun was loaded and could "cause some damage." Nevertheless, appellant cocked and released the gun on numerous occasions while he was in a small apartment with five other people, including three in the bedroom. Further, although appellant did not purposely point the gun at Prows, he carelessly pointed it around the bedroom while he was "playing" with the hammer and the trigger. Finally, expert testimony indicated that the gun could not have discharged unless the trigger was pulled. Based upon these circumstances, we conclude that a rational mind could find that appellant acted recklessly. See, generally, State v. Bowlin (Sept. 21, 1994), Montgomery App. No. 14174, unreported; State v. MacWilliams (July 19, 1991), Ashtabula App. No. 89-A-1488, unreported. Accordingly, appellant's conviction was supported by sufficient evidence, and his sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.